## MOEGALUPE MAUA, Plaintiff

v.

## SAM MULIPOLA, Defendant

High Court of American Samoa
Trial Division

CA No. 101-88

September 15, 1989

Before KRUSE, Chief Justice, and TAUANU'U, Chief Associate Judge.

Counsel: For Plaintiff, Charles V. Ala'ilima
For Defendant, Gata E. Gurr

*Facts*

Plaintiff is a carpenter by trade, and in October 1987 he was contacted by defendant, Sam Mulipola, who requested his services in connection with a construction project of his which other carpenters had unsatisfactorily commenced and left unfinished. At first, plaintiff was hesitant to handle a project started by someone else; however, after visiting the site with defendant, and at the latter's urging for assistance, plaintiff agreed to do the work. Also at defendant's insistence, plaintiff reluctantly agreed that his service would be compensated in the fa'a Samoa or traditional manner.

Aided by his sons, plaintiff started working for defendant around the last week of October 1987. The extent of the project when plaintiff commenced working consisted of a foundation and some upright concrete columns; however, there were no building plans for plaintiff to work with from the outset. He was told that these were forthcoming and in fact plaintiff was instructed by a draftsman who was supposed to be in the process of preparing such plans.

By December, 1987 the plaintiff had erected reinforced concrete beams and built the roof structure. (The actual roof cover itself was not done as defendant had not acquired the material.) Plaintiff had also poured the foundation, upright columns, and beams to an extension which plaintiff was instructed to add to the existing layout.

Just prior to Christmas, plaintiff had informed defendant that he wanted to visit his family in Western Samoa. Defendant in turn advised that his wife was due to return very shortly from the United States with funds and that plaintiff would be given $1,000 plus foodstuffs for his family's Christmas. By the time plaintiff was ready to leave for Western Samoa there were neither funds nor the returning wife. In the end, a

suspicious and dejected plaintiff was given $100 by the defendant with the reassurance that money, as well as the Christmas hamper, would be later sent upon the return of Mrs. Mulipola. Defendant promised that he would send the money and food with one of his sons.

Between plaintiff's departure and Mrs. Mulipola's return, defendant ousted plaintiff's sons from his property. Several subsequent attempts by plaintiff to contact the defendant were met with deliberate evasion.

Plaintiff sues for the reasonable value of services rendered, claiming 40 days of heavy labor involving 11 hours each day. His calculation of normal charges for such time and work amounted to $7,920.00. He futher added the sum of $2,300.00 which represents an away from home per diem "allowance" plaintiff claims as a usual billing to clients.

Defendant counterclaims incompetence and bad workmanship on the part of plaintiff. He seeks damages for the cost of material wasted by reason of his having to undertake a number of major changes to the work done by plaintiff, as required of him by the building authorities. Defendant seeks damages in the amount of $20,603.00.

*Conclusions*

We conclude that the parties entered into a service agreement whereby the plaintiff would be compensated for his services in accordance with Samoan custom. The said agreement, however, was unilaterally terminated by defendant after plaintiff had significantly performed thereon. Indeed, we conclude that plaintiff could regard the agreement as repudiated --- given defendants' dismissal of plaintiff's sons and his continuing failure to make good on the promised $1,000 and foodstuffs --- after defendant's deliberate evasion of plaintiff in the latter's various attempts to contact him.

Additionally, we question defendant's good faith in his dealings with plaintiff. He evidently secured plaintiff's agreement to do the work even though he did not have the present means to compensate plaintiff. His insistence on the traditional alternative for compensation was nothing more that a ruse to induce plaintiff to work on credit. It was very clear, after examination by the Associate Judges, that defendant had no idea what was involved with compensating an artisan according to fa'a Samoa. He not only overlooked certain mundane customary preliminaries relating

107

to the formal engagement of a builder, but he also left plaintiff to largely fend for himself and his workers in terms of daily necessities.

Furthermore, we conclude that defendant's termination of the agreement was entirely without cause. His claims of structural faults in the project had nothing to do with workmanship, but all to do with the fact that there were neither plans nor even a clear concept of what was intended by the project. It was very evident that the building inspector who testified on behalf of defendant was talking about an entirely different design or concept than that which plaintiff was instructed to pursue without the benefit of approved plans.

Plaintiff is entitled to the reasonable value of his labor, which we fix at the amount of $8,000.00. Defendant's counterclaim is dismissed. Judgment will enter accordingly.

It is so Ordered.